WILLIAM W. LOW *et al.*, Appellants, v. HENRY NOLTE, Appellee.

### APPEAL FROM PEORIA.

The delivery of a copy of an award is a publication of it.

If the amount named in a covenant as liquidated damages, is intended by the parties to be paid in lieu of performance, then the recovery upon it will be confined to that sum; but where such intention does not appear, the damages stipulated will be treated as a penalty, and a party may recover upon the original cause and damages not exceeding those stipulated.

THIS was an action of debt brought by Henry Nolte, the appellee, against William W. Low and John P. Chapin, the appellants.

The declaration consists of four counts upon an award of arbitrators chosen by the parties.

The first count declares upon the award generally, by referring to the contract of submission and award filed and referred to.

The second count declares upon the award, and sets out in substance the agreement of submission and the award.

There were two other counts upon which the plaintiff below entered a *nolle prosequi*, and no question arises on them.

The appellants, who were defendants below, filed a demurrer to the said declaration. The demurrer was general, and assigned various special causes of demurrer.

It was contended, by the appellants, that no action could be maintained upon the award, under the submission or agreement set out fully in said first and second counts, as, by the terms of said submission, the award was to be returned for judgment to the Circuit Court of Peoria county, and said court having no jurisdiction to enter up judgment on said award, no action can be maintained upon it.

The said appellant assigned as special causes of demurrer to said first and second counts:

" That the said counts do not allege that said arbitrators made out and delivered to each of the parties, a copy of said award on or before the first day of June, 1854, or that said time had been extended by agreement of the parties, according to the articles of submission, or that said award was ever lawfully published by said arbitrators, as required by the terms of said submission."

This cause was argued upon the demurrer, and the demurrer was overruled.    On motion of defendants below, leave was given to withdraw the demurrer to the third and fourth counts, and plead thereto; whereupon the plaintiff below entered a *nolle prosequi* to said third and fourth counts.

The, defendants below abiding by the demurrer to the said first and second counts of said declaration, the court rendered judgment against the said appellants for the amount of said award, and the costs in the said several suits that are mentioned in said award, the court hearing proof and assessing damages.

The submission in this case, stated that several suits were then pending between the parties, arising out of a contract in relation to the purchase of grain, and that all matters connected with the contract and the suits were to be referred to arbitrators, whose decision was to be conclusive, their award to be submitted to the Circuit Court of Peoria county, and become a judgment, upon which execution might issue, upon giving ten days' notice to the party of the time of making a motion for such judgment. The award to be made, and a copy given to each party, before the first of June, 1854.    The submission not to operate to dismiss any of the then pending suits, until final judgment on the award, or it should be complied with, binding themselves to abide the award to be made " in the penalty of one thousand dollars, as stipulated damages to be paid by the party delinquent to the party complying."    The arbitrators made an award, directing the suits to be dismissed on payment of costs by appellants, and the further payment by them of the sum of $5,876.46 to appellee.

E. N. Powell, for Appellants.

N. H. Purple, for Appellee.

Scates, C. J.    In 15 Ill. R. 368, this court held that the submission and award in this case were not made under the statute, and that the remedy of the respective parties was by the common law.    Nolte has pursued that remedy by instituting this action

of debt upon the award for the recovery of the several sums awarded.

The special cause of demurrer set forth, has no foundation in truth or fact. The first and second counts do contain substantial averments of a delivery of the award to each of the plaintiffs within the terms of submission. The averment is, of the service of a copy upon them on the 4th and 8th days of March, 1854. This is a literal compliance with the requirement of a copy on or before the first day of June, 1854, in the submission.

Another objection taken upon the general demurrer, is to a want of publication of the award. This has as little foundation in law under the averments, as the other has in fact. Nothing is said in the submission about publication, other than a delivery. Had it been expressly added to the provision made for delivering a copy, that copy, when delivered, would be a publication. The execution of a written award by the arbitrators, has been held to be a publication provided for in statute 9 and 10 Wm. III., Cap. 15. Watson on Arb. and Award, 132, (34 L. Lib. 89.) See *Brooke* v. *Mitchell*, 6 Mees. and Wels. R. 473.

There are several objections taken to the declaration on the general demurrer, which deserve and will receive our consideration.

The most important is the want of an averment of a failure to pay the liquidated damages, stipulated to be one thousand dollars, for non-compliance with the award, and which, it is here contended, is all that can be recovered under this submission and award. If this view be sustainable, no action will lie upon the award, as it is here brought, but alone upon the submission. To solve this objection, it is necessary to ascertain, from the nature of the matters and questions in controversy, and the terms and language of the parties in their submission, whether they intended by this part of the agreement, that the thousand dollars fixed as liquidated damages should be strictly and technically so held, or only as a penalty. Courts have not been confined and controlled alone by the literal terms, stipulated or liquidated damages, used by the parties, when inquiring into their true intention and meaning. But they have looked to the subject matter of dispute, the situation and condition of the parties, and all the circumstances, together with the effect and consequences, as aids in arriving at the true meaning. Much difficulty has been encountered upon this class of covenants and agreements, and many rules have been laid down, and distinctions taken, that aid greatly in construing these contracts.

Where a covenant is made concerning an existing cause of action, that cause may, or may not, be merged into the covenant. If it be merged, and the covenant be broken, the party

is liable alone on the breach, and not on the original cause of action. If it be not merged, then the covenant affords a new and additional cause of action and remedy upon it, and an additional amount may be recovered for the breach of it. In this latter case, if the amount named in the covenant or agreement be fixed as liquidated or stipulated damages, and is *intended* by the parties to be paid in *lieu* of performance, then the recovery will be confined to that amount for the breach, as well as to his action on the covenant or agreement for his remedy, and cannot pursue the original cause of action. But where such an intention does not appear, the sum named as stipulated or liquidated damages will be viewed and treated as a penalty, and the party may recover the amount due upon the original cause of action, and additional damages for the breach, not exceeding the penalty, and in one or more actions, according to the nature and provisions of the covenant or agreement. See Sedgwick on Damages, 420 to 454, for a variety of cases, distinctions and rules on this branch of the law, which is still in more confusion, doubt and uncertainty, than could be desired.

There is a great deal of good sense in the remarks of Best, Ch. J., in *Crisdee* v. *Bolton*, 3 Car. and Payne R. 240, in allowing parties to fix, estimate and adjust the amount of damage that a contemplated injury or breach of contract will occasion, and deprecating the great uncertainty of the law on this subject, occasioned by judges endeavoring to make better contracts for parties than they had made for themselves. But the observation would apply with as much force to any other case, as to this branch of the law, and should not preclude by mere set words, or a particular phraseology, an inquiry into the real and true meaning and intention of the parties, apparent from the whole instrument. The £500 in the deed in *Rawlinson* v. *Clarke*, 14 Mees. and Welsby R. 187, was held to be fixed damages, and the covenant was found by the jury to have been broken, but still the breach was not one within the meaning of the parties.

We may well leave parties to settle and adjust the extent of the injury between themselves, for doing, or failing to do, a particular act; but when one party claims, as in the case under consideration, the true intention to be, that all previous causes of action, and sums and damages in controversy, embraced within the agreement, were to be discharged by the payment of one thousand dollars, provided as liquidated damages, we may well inquire, not only whether it clearly appears from the contract, that the sum was to be paid and received absolutely in *lieu* of *performance* of this contract, but also, whether the parties intended to merge all rights into the contract. Great in-

justice might be done, by blindly seizing hold of the provision for "liquidated damages," merging all controversies into the same agreement, and discharging the party from performance upon payment of that sum. We must look to the whole instrument, and, sometimes, to the situation, circumstances and condition of the parties, and the controversy; and, in doing so, we may sometimes find the sum fixed as an addition to the amount recoverable by existing causes of action, unaffected by the agreement.

In looking to the whole contract of submission here, we find conclusive evidence that the parties did not intend to merge the pending action into this agreement. The suits were not to be dismissed until the *award* was complied with. Neither the making of the agreement nor the award, would prevent the parties from maintaining their respective suits; the performance of the award alone determined them. They were to be stayed, and no further costs were to be made in the meantime. Again it is very apparent that the parties did not contemplate the payment of the thousand dollars " *stipulated* damages," in lieu of performance, for they say it was to be under "*penalty*" of that sum, as such, to abide by the submission as well as the award, and both contemplated and provided for the specific enforcement of the award, by a rule of court, to be entered in the same court in which the suits were pending.

Had the plaintiffs been sued upon that submission, instead of the award, for the amount of the award, supposing such action would lie, or defendant was proceeding in the suits submitted to arbitration, and they had pleaded thereto, or even here had pleaded a tender of the one thousand dollars, they might have presented the question properly, which they here raise upon the demurrer. It may be legitimately presented by these pleadings, but I have met no case which goes so far as to defeat a recovery upon the bare existence of the contract, unless it could indeed be supported upon the ground of merger of the cause of action. To this position, it would seem, the party's plaintiffs here, are driven. Viewed in the light of an objection alone, upon the ground of merger, we have already answered it, as we think satisfactorily, upon the fact of intention, and upon principle. We need not, therefore, inquire in this action, whether it be a penalty or fixed damages, but wait for the presentation of such a question, by an attempt to recover that additional amount. In *Spear* v. *Smith*, 1 Denio R. 464, the suit was upon the submission, and the party was allowed the amount awarded, only, out of the amount stipulated as damages, but treated as a penalty.

The language of the chancellor in *Shiell* v. *McNitt*, 9 Paige R. 103, should be understood as applied to the case before him, rather than in reference to the general principle. The contract of purchase had been rescinded by the abandonment of the premises by the complainant, and in such case the stipulated damages would be the extent of the recovery, for the purchase money was no longer due and payable.

I think the true distinction is laid down in *Gray* v. *Crosby*, 18 John. R. 222, where the payment of the liquidated damages in lieu of performance is put upon the true intention of the parties to be determined from the agreement. The same rule obtains in Ia. 6 Blackf. R. 206; 1 Carter R. 488, 435; N. Hamp. R. 276, 353.

Another objection taken, is that the submission and award intended to be made and enforced by rule under the statute, and being of no validity as a statute submission, it cannot be enforced at common law. So it has been held in *Benjamin* v. *Benjamin*, 5 Watts and Serj. R. 563, and *Inhabitants of Deerfield* v. *Pliny Arms*, 20 Pick. R. 480. In *White* v. *Shriver*, 2 Watts R. 473, the court treated it as actionable at common law, without so deciding, and it was expressly so decided in *Foster et al.* v. *Durant*, 2 Cush. R. 554. We approve the last decision as based on better reason and sound principle. See 11 Ill. R. 565.

The objection for want of an averment of notice of the amount of costs awarded, is equally unsustainable. The award of costs is certain enough, and will include taxable costs. The costs of arbitration were made up as a part of the award, and the declaration avers that a copy was delivered.

The assessment of damages by the court, was proper in such an action for the recovery of specific enumerated sums, with interest. 1 Cond. R. 528; 2 Saund. R. 107 and note 2; 2 H. Black. R. 252; 12 Ill. R. 466; 11 Ill. R. 118; 1 Scam. R. 45. The damages rest in computation.

*Judgment affirmed.*