## MARK ISAACS v. THE BETH HAMEDASH SOCIETY.

The president and two of the trustees of a corporation signed an agreement submitting a controversy, in which the corporation was interested, to arbitration; and all the trustees attended before the arbitrators, and took part in the trial of the controversy as witnesses, &c.

*Held*, a sufficient submission to bind the corporation by the award.

The assent of a corporation to a submission may be inferred from circumstances.

Where the submission of a controversy to arbitration provided that the decision of "a majority" of the arbitrators should be binding, and the bond provided that the award should be subscribed "by the said arbitrators;" *held*, that the submission and bond must be taken together, and that an award signed by two of the three arbitrators was valid.

The parties, to a controversy submitted to arbitration, their witnesses, and the arbitrators chosen, were all of the Jewish persuasion. The meeting of the arbitrators for the trial of the cause was held on Sunday, and the award was on that day drawn up and signed; but it was dated the next day, and was not until then delivered to the parties.

*Held*, that the award was valid.

APPEAL by plaintiff from an order of the special term, denying a motion to vacate a judgment entered on an award of arbitrators. By the affidavits on which this motion was founded, it appeared that the plaintiff had preferred a claim against the defendants, a Jewish society, for services and disbursements in making passover bread, under a contract with them. He had brought a suit in the Marine Court upon this claim, when it was proposed, on behalf of the society, that the controversy should be submitted to arbitration. This was agreed to on the part of plaintiff, and an agreement of submission, together with a bond,

pursuant to the provisions of the Revised Statutes, were drawn up and executed; a hearing was had before the arbitrators, and an award made in favor of the plaintiff. He having entered judgment upon the award, a motion was made to vacate that judgment. The objections taken to the award were : 1. That the submission was insufficient to bind the defendants, there being no resolution of the board of trustees authorizing an arbitration; 2. That the award was signed by only two of the three arbitrators; and 3. That the arbitrators held their meeting upon Sunday.

The motion was denied at special term, the following opinion being rendered:

INGRAHAM, FIRST JUDGE.—The agreement to submit this case to arbitration was signed by the president and two of the trustees. All of the trustees were present at the arbitration and took part in it, and most, if not all of them, were examined as witnesses.

Although the ordinary rule to bind a corporation requires that it should be done by a resolution of the board, yet there may be circumstances where submission to arbitrators, although at first informal, may be ratified by the parties.

In *Hays* v. *Hays* (23 Wend. 366) Judge Cowen says : "No matter what the form was under which the parties ostensibly proceeded, they were mutually assisting to and promoting the whole, with the obvious intent to settle their controversies. Their acts, of themselves, operated as a submission." *Dredwith* v. *Rutilly*, 2 Hill, 272.

A corporation may act in other ways than by a formal resolution. Their acts may in some instances be established by circumstances. In *Troy Turnpike Co.* v. *Chemey* (21 Wend. 296) verbal instructions from the directors to an agent, without any formal resolution, were held sufficient. The acts of the parties in consenting to the arbitration, and the attendance upon it of all the trustees and officers, I think, conclude the defendants upon the question whether they agreed to submit to it.

The same rule is sanctioned by the Chancellor, in *The American Ins. Co.* v. *Oakley* (9 Paige, 501). The acts and agents of corporations, like those of individuals, when not reduced to writing, may be inferred from other facts and circumstances, without a violation of any known rule of evidence.

An objection is taken that the award is only signed by two of the arbitrators. By the statute (2 R. S. 542, § 7) it is provided that an award by a majority of the arbitrators shall be valid, unless the concurrence of all is expressly required in the submission.

The submission in this case expressly provides that the decision of a majority of arbitrators shall be binding on both parties.

The bond, it is true, speaks of an award by the arbitrators; but that is not material, as it must be construed as meaning an award made in pursuance of the submission.

The award is consistent with the submission, and the motion must be denied, with $10 costs.

From the order denying the motion defendants appealed to the general term.

*Beebe, Dean and Donohue*, for the appellants.

*Patterson and McConnell*, for the respondent.

DALY, J.—It appears, by the affidavits, read on the part of the plaintiff, that, at a meeting of all the trustees, it was unanimously agreed that it would be better to arbitrate the matter in difference between the plaintiff and the society, and that the trustees then and there authorized the president of the society and two of the trustees to act for the society in the matter of the arbitration. This is denied by affidavits on the part of the defendants; but the uncontroverted fact, that the submission to arbitration, drawn up by Dr. Raphael, was read and translated to the parties to it, and that all the trustees were present at the arbitration and took part in it, was sufficient to show that the defendants had assented to the submission. The assent of a cor-

poration may be inferred from circumstances. It is not necessary that there should be a formal resolution of the board of directors or trustees, on an agreement under seal, to charge them. *Troy Turnpike Company* v. *Cheney*, 21 Wend. 296. In *Farrill* v. *Railway Company* (2 Exch. 344) the consent of the attorney of a corporation, in an action of debt, to refer the matter to arbitration, was held to be a valid submission and binding upon the corporation, although the attorney deposed that he had no authority, under the seal of the company, to sign the consent, but was merely authorized verbally, by the chairman of the board of directors. Here, then, was something more than the authority of a presiding officer. The submission and all proceedings anterior to the award were sanctioned by the presence and participation of all the trustees. *Hays* v. *Hays*, 23 Wend. 366. Under these circumstances, the judge below was justified in believing the statement in the plaintiff's affidavit, that all the trustees at a meeting authorized the parties who signed the submission to arbitrate the matter, and that was enough.

It is objected that the award was signed by but two of the three arbitrators. The submission declares that the decision of the majority shall be binding, and the bond provides that the award is to be made in writing, subscribed by "the said arbitrators." The submission and bond are to be taken together; and, taken together, they show that the execution of the award by the majority of the arbitrators was within the meaning and intention of the parties. By statute (2 R. S. 542, § 7), an award by a majority is sufficient, unless the concurrence of all is expressly required in the submission, which was not the case here.

The next objection is, that the arbitrators sat, examined witnesses, and deliberated upon the matter, on Sunday. The parties and witnesses in this unpleasant controversy, which arose out of a claim of the plaintiff for baking the passover bread for this religious corporation, are all of the Jewish persuasion, and consequent'y observe the seventh day of the week as their Sabbath or day of rest. To them the Christian Sabbath is a secu-

lar day, but its universal observance as a day of rest, by the great mass of their fellow citizens, renders it a day upon which people of this persuasion are compelled more or less to abstain from their ordinary pursuits, and upon which they are necessarily less employed. It is very natural, therefore, that they should select, for a matter of this kind, a day when, from keeping Saturday as a Sabbath, they are privileged to engage in any labor that does not disturb the rest of their fellow-citizens. The defendants having consented to settle by arbitration, at the instance of one of their prominent ministers, a controversy growing out of the wants or requirements of their religious rites, with the special view of preventing its becoming a matter of public litigation, and the parties and witnesses having attended voluntarily for that purpose, on a day evidently the most convenient to them, it would be very much to be regretted if the investigation of the matter on that day should render the subsequent award of the arbitrators of no avail, and, at the instance of those among the defendants who are dissatisfied with it, that the whole subject should be open for a public investigation in the courts.

Our statute prohibits servile laboring or working on Sunday, but the prohibition is declared not to be applicable to those who uniformly keep the last day of the week, called Saturday, as holy time, and do not labor or work on that day, provided their labor shall not disturb other persons in their observance of the first day of the week, as holy time. 1 Rev. Stat. 675, § 70. It was not unlawful, therefore, for the parties and witnesses here, being all Israelites, to assemble together on Sunday, and investigate, deliberate upon, and arbitrate the matter in controversy. Witnesses could not have been compelled to appear before the arbitrators, as subpœnas to enforce their attendance could neither be served nor executed on that day (1 Rev. Stat. 675, § 69), but the witnesses attended and submitted to an examination before the arbitrators voluntarily. That the witnesses were sworn by the arbitrators is immaterial, as it is not essential to the validity of an award, that the witnesses should have been sworn. *Bergh* v. *Pfieffer*, Lalor's Sup. to Hill & Denio's Rep. 110. It was held in *Story* v.

*Elliott* (8 Cow. 27), that an award made and published by arbitrators on Sunday is void. In the present case, the arbitrators sat, heard the parties and witnesses, and signed the award on Sunday, but it was dated as of the next day, and was delivered to the parties on Monday. An award is said to be published when the parties are notified that it is ready for delivery. *Musselbrook* v. *Dunkin*, 9 Bing. 605; *McArthur* v. *Campbell*, 5 B. & Adolp. 518. The rule is more fully, and, I think, correctly stated in the recent work of Mr. Russell, on Arbitration (p. 617): "An award is ordinarily said to be published as soon as it has been executed by the arbitrator, and announced as his final determination, so that he no longer retains any power of alteration." Here, the award was dated as of Monday. On that day the arbitrators delivered it, and up to that time they had the right to alter it if they saw fit. *Eveleth* v. *Chase*, 17 Mass. 458; *Low* v. *Nolte*, 16 Ill. 475. It must, therefore, be regarded as having been made and published on Monday.

The case of *Story* v. *Elliott* would have been in point, if the arbitrators had published it on Sunday. In that case, the publication of an award was regarded as equivalent to the giving of judgment, which cannot be done on Sunday; but I find no case that would warrant us in concluding that the award is vitiated and made void, by what was done by the arbitrators upon the Sunday preceding its publication. As before remarked, it was unlawful for the arbitrators, being of the Jewish persuasion, to do what they did, on that day, in the investigation of the matter, and if their sitting and investigating it, preparatory to publishing their award, might be regarded as partaking of the nature of a judicial proceeding, which I very much doubt, still it would not render their subsequent award void. Sunday is not *dies juridicus* for the giving of judgment, or the awarding of judicial process, but it may be for other matters connected with judicial proceedings. 3 Thomas' Coke, 355, n. 3. Thus it was held in *Becloe* v. *Alpe* (W. Jones R. 156), that exhibiting an information on Sunday against the defendant, in the Court of Exchequer, for ingrossing butter, &c., contrary to a certain statute,

was good, the court declaring that although Sunday was not *dies juridicus* for the award of any judicial process or to *make an entry* of any judgment, yet it was good for accepting an information upon a special statute. In Taylor's case (12 Mod. 667), it was said that the service of a summons, in a real action, on Sunday was good, as it was not compulsory on the party to appear, and in *Walgrave* v. *Taylor* (1 Lord Ray. 705), the court held that the service of a declaration in trespass on Sunday was good, though in subsequent cases it appears to have been regarded as the service of process forbidden by the statute 29 Car. II, c. 7. *Morgan* v. *Johnson*, 1 H. B. 628; *Walker* v. *Fowne*, Barnes, 309; *Roberts* v. *Monkhouse*, 8 East, 547. In *Sayles* v. *Smith* (13 Wend. 57), it was held that the proceedings in a statute foreclosure of a mortgage were not void because the day of sale specified in the advertisement was Sunday. The sale was postponed to another day, but the court was of opinion that, even if the sale had taken place on Sunday, it would not have rendered the proceedings void. In *True* v. *Plumley* (36 Main, 466), it was held that the verdict of a jury in a civil suit, though agreed to, signed and sealed up on a Sunday, might be recorded on the following day ; and in *Houghtaling* v. *Osborne* (15 Johns. 119), and in *Hurdekoper* v. *Collin* (3 Watts, 56), it was held that a verdict of a jury in a civil suit might be received upon Sunday, though judgment could not be entered upon it until the day following; and in *Baxter* v. *People* (1 Gil. 368), which was a capital case, the court said that Sunday was not a day to render judgment, and if rendered on that day it would be void, but the verdict of the jury might be taken. The extent to which the adjudged cases appear to have gone, is, that nothing partaking of the nature of process in a civil action can be awarded, executed or made returnable, nor any proceeding entered or recorded in any court of justice as having been done, or as to be done, on that day. 2 Inst. 264; 3 Shep. Abr. 181 ; 5 Comyn Dig. 523, title Temps, B. 3 ; *Swan* v. *Broome*, 3 Bur. 1595 ; 1 Wm. Black. 496 ; *Good title* v. *Notille*, 2 D. & Ry. 232 ; *Boynton* v. *Page*, 13 Wend. 425. In the present case, therefore, I think that the proceedings

before the arbitrators, under the circumstances, would not in
validate their award, which purported upon upon its face to have
been made, and was actually delivered and published on Mon-
day. The order of the judge at special term should be affirmed.
Order affirmed.