## MARY J. GOBBLE

*v.*

## JOHN M. LINDER.

1. LIQUIDATED DAMAGES—*intention determines whether provision is for, or is a penalty.* The question whether the sum named in an agreement to secure performance will be treated as liquidated damages or as a penalty, is to be determined in accordance with the intention of the contracting parties.

2. SAME—*rule for determining.* Where the parties to an agreement have expressly declared the sum to be intended as a forfeiture or penalty, and no other intent is to be collected from the instrument, it will generally be so treated, and the recovery will be limited to the damages sustained by the breach of the covenant it was to secure.

3. On the other hand, it will be inferred the parties intended the sum named, as liquidated damages, when the damages arising from the breach are uncertain, and are not capable of being ascertained by any satisfactory and known rule, or where, from the nature of the case and the tenor of the agreement, it is apparent the damages have already been the subject of actual and fair calculation and adjustment.

4. Where the agreement is in the alternative to do some particular thing or pay a given sum of money, the court will hold the party failing, to have had his election, and compel him to pay the money.

5. SAME—*agreement to exchange farms.* Where a written contract for the exchange of farms provided that in case either party failed to make

the deed in exchange at the appointed time, such party would "forfeit and pay as damages" to the other the sum of $1500: *Held*, that in view of the nature of the contract, the difficulty of proving the actual damages, and from the words used, the sum named was to be regarded as liquidated damages, and recoverable on a breach of the agreement.

APPEAL from the Circuit Court of Macoupin county ; the Hon. CHARLES S. ZANE, Judge, presiding.

This was an action of debt, brought by Mary J. Gobble against John M. Linder, upon an agreement for the exchange of farms between the parties. The facts may be found in the opinion of the court.

Messrs. GWIN & HAMILTON, for the appellant.

Mr. D. M. WOODSON, and Mr. W. R. WELCH, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The written contract between the parties to this suit obligated them to exchange farms. It contained a provision, in case either one failed to make the deed in exchange at the appointed time, such party would "forfeit and pay as damages" to the other the sum of $1500. Plaintiff was ready, and offered to perform the agreement on her part, but defendant having failed to make a deed, as he had contracted to do, this suit was brought to recover the sum named in the contract.

The agreement is set out in the declaration *in hæc verba*, with all proper averments, to which defendant interposed a demurrer. It was agreed by the parties, the court might, on the demurrer, determine the legal construction to be placed upon the contract, whether the sum specified was liquidated damages, or in the nature of a penalty for the non-performance of the contract, and in the event the court should hold the sum was liquidated damages, judgment should be rendered for plaintiff for $1500; but should the sum be held as penalty,

then. in that case, plaintiff agreed the actual damages suffered did not exceed $50, and judgment should be rendered for that amount. Construing the contract, the court held the sum named was penalty, and not liquidated damages. The correctness of that decision is the only point pressed on the attention of the court on this appeal.

No branch of the law is involved in more obscurity, by contradictory decisions, than whether the sum named in an agreement to secure performance will be treated as liquidated damages or as penalty. All authorities, however, agree the question is to be determined in accordance with the intentions of the contracting parties. *Low* v. *Nolte*, 16 Ill. 475; *Peine* v. *Weber*, 47 Ill. 41.

It is the difficulty in ascertaining what was meant, that has given rise to so many conflicting cases. Text writers have undertaken to deduce rules from the adjudged cases, by which the intention of the parties may be ascertained. But as each case must depend on its own peculiar and attendant circumstances, such rules are seldom of any practical utility. Some general principles, however, may be regarded as settled.

Where the parties to the agreement have expressly declared the sum to be intended as a forfeiture or penalty, and no other intent is to be collected from the instrument, it will generally be so treated, and the recovery will be limited to the damages sustained by the breach of the covenant it was to secure. On the other hand, it will be inferred the parties intended the sum named as liquidated damages where the damages arising from the breach are uncertain, and are not capable of being ascertained by any satisfactory and known rule, or where, from the nature of the case and the tenor of the agreement, it is apparent the damages have already been the subject of actual and fair calculation and adjustment. Of the latter sort, says Mr. Greenleaf, are agreements "to convey land, or, instead thereof, to pay a certain sum." 2 Greenleaf on Ev. secs. 258, 259.

On a review of the cases, Mr. Sedgwick, in his work on Damages, says certain principles seem deducible from them; among others, that where the agreement is in the alternative, to do some particular thing or pay a given sum of money, the court will hold the party failing, to have had his election, and compel him to pay the money. Sedgwick on Meas. Dam. side p. 421. Without entering upon an examination of the adjudged cases, it is sufficient to say, they fully support the text cited.

We are of opinion the case at bar comes within the principles announced. Plaintiff and defendant had agreed to exchange large and valuable farms, which would usually involve the making of new plans, and might render necessary the expenditure of considerable sums of money. To what extent it would inconvenience a party could not readily be foretold or anticipated. In case of a breach of the agreement it would be difficult to estimate and prove, with any degree of certainty, the amount of damages sustained, and for that reason we may well presume, in the language of the books, the damages have been the subject of calculation and adjustment, and the sum named was the amount definitely agreed upon. It does not militate against the principle, that the damages actually suffered may be small in comparison with the sum mentioned in the agreement. Under less favorable circumstances they might have been greater, depending on the outlays in making arrangements to carry into execution the undertaking. At all events, the defendant had his election to make the deed to plaintiff conveying the land to her, or to rescind the contract on payment of a stipulated sum of money. He chose, for reasons no doubt satisfactory to himself, not to make the conveyance, and there is no reason in law or morals why he should not pay the agreed damages.

Nothing in the agreement or attendant circumstances manifests any intention that the sum named should be treated as penalty. On the contrary, it is more rational to presume the parties, in view of the difficulties we before suggested of

making accurate proof of the damages that would flow from a breach of the contract, had adjusted in advance what would be compensatory damages to either party injured. As was said in *Peine* v. *Weber*, "unless there is good cause for it, a court can not declare a stipulated sum, which the parties themselves have said shall be the amount of damages, to be a penalty merely." The facts in this case afford no sufficient reason for so declaring. The contract was fairly made and understandingly entered into. Considering the language employed, the nature of the contract, what the parties had contracted to do, and all the attendant circumstances, we can not avoid the conclusion it was the intention the sum named should be the measure of damages in case of the failure of either party to perform the agreement. As sustaining this construction of the contract, numerous cases, entitled to consideration as authority, might be cited. It will only be necessary to refer to a few most analogous, among others the following: *Slasson* v. *Beale,* 7 Johns. 72; *Knappe* v. *Maltby,* 13 Wend. 587; *Tingley* v. *Cutler,* 7 Conn. 291; *Streeple* v. *Williams,* 48 Penn. St. 450; *Mead* v. *Wheeler,* 13 N. H. 351.

A majority of the court are of opinion the judgment should be reversed and the cause remanded, with directions to enter judgment in favor of the plaintiff for the sum named in the agreement, as damages.

*Judgment reversed.*