## Washington Boyce v. Stephen A. Watson and Alva Watson.

1. SALES—*Good Will of Trade.*—A covenant which requires a person to abstain from the exercise of his calling for a limited time in a particular place is not in violation of public policy.

2. DAMAGES—*When Liquidated by Stipulation.*—If the parties to an agreement have named a sum as a forfeiture or penalty in case of a breach it will generally be so treated and damages awarded according to the wrong or injury shown by evidence to have been inflicted by the breach; but if the intent of the parties to be gathered from the instrument considered altogether is that, though denominated a forfeiture or a penalty, the sum so named was intended as liquidated damages, it will be so regarded if the damages arising from a breach are uncertain and not capable of being ascertained by any satisfactory or known rule for measuring damages.

3. GOOD WILL OF TRADE—*Covenant for the Sale of—Damages.*—B. sold out his business in D—— to W., and in the bill of sale covenanted not to again engage in the business in D—— for the space of five years, and in case he did to forfeit and pay to W. $1,000 as liquidated damages for the breach of the covenant. The covenant was broken and W. recovered $1,000 for damages. *Held,* proper.

4. SALES OF GOOD WILL OF TRADE—*No Defense that the Vendee has Disposed of His Interest in the Business.*—In an action by the vendee upon a covenant for the sale of the good will of a trade it is no defense to say that since the making of the covenant the vendee has sold out the business and consequently has no interest therein and can not therefore be injured by the breach of such covenant.

**Memorandum.**—Action of covenant in Circuit Court of Vermilion County; the Hon. EDWARD P. VAIL, Judge, presiding. Trial by the court; finding for plaintiff $1,000; judgment; appeal by defendant. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

### STATEMENT OF THE CASE.

On the 15th day of July, 1889, the plaintiff in error, who was engaged in business as a photographer in the city of Danville, sold his stock in trade and business to the defendants in error, and agreed that he would not again engage in business as a photographer in Danville for the term of five years. He executed and delivered to said defendants in error the following covenant, viz.:

" Know all men by these presents, that Washington Boyce, of the City of Danville, County of Vermilion, State of Illinois, in consideration of $1,005 paid by Stephen A. Watson and Alva Watson, the receipt whereof is hereby acknowledged, doth hereby bargain, sell and deliver unto said Watson

(Here follows list of articles sold, which is omitted.)

To have and to hold the said goods and chattels unto the said Stephen A. Watson and Alva Watson, their executors, administrators and assigns, to their own proper use and benefit forever. And he, the said Washington Boyce, of Danville, Vermilion county, Illinois, doth avow himself to be the true and lawful owner of said goods and chattels, in manner as aforesaid, and that he will, and his executors and administrators shall, warrant and defend the said bargained goods and chattels unto the said Stephen A. Watson and Alva Watson, their executors, administrators and assigns, from and against the lawful claims and demands of all persons, and I, the said Washington Boyce, covenant to and with the said Watsons, that I will not enter into the business of photographing, in Danville, Vermillion county, Illinois, within five years from this date, and in case he does he will forfeit and pay said Watsons, parties of the second part, the sum of $1,000, liquidated damages, for breach of this covenant.

In witness whereof, I, the said Washington Boyce, of Danville, Ill., have hereunto set my hand and seal this fifteenth day of July, in the year of our Lord, 1889. Possession to be given at once of the gallery.

Washington Boyce.    [Seal]",

This was an action in covenant brought to recover the sum of $1,000 as liquidated damages for a breach of the covenant, the plaintiff in error having, as it is alleged, engaged in business as a photographer in Danville. The plaintiff in error filed six pleas. By the third, fourth, fifth and sixth of these pleas it is alleged as in defense of the action that plaintiff in error and Stephen A. Watson, at the date of the covenant, were rival photographers in Danville, and that he contracted with Stephen to sell him his stock in trade, and agreed not to enter in the business in Danville for five years; that Alva Watson consented to become security upon certain notes which Stephen was to give plaintiff in error for the purchase price of the goods, upon the condition that the bill of sale of the articles sold should be made to him and Stephen, jointly, but that Alva was to have no interest in the goods, when relieved from liability as surety for Stephen; that after the purchase of the stock in trade of plaintiff in error had been completed, Stephen entered into the business of photography, in Danville, at the place formerly occupied by plaintiff in error, but that on the 6th day of February, 1891, said Stephen having paid the notes upon which said Alva was surety, and being the sole owner of the articles mentioned in the instrument sued on, sold and delivered them to one John A. Ross, and covenanted to and with said Ross for a valuable consideration that he would sever his connection with the business of photography in Danville, while said Ross was or might be so engaged in that city; that thereupon said Stephen Watson retired from business as a photographer in Danville, and from thence forward neither he nor said Alva Watson have or had any interest in said goods or in the said business of photography in Danville, and that on the 16th day of February, 1891, the plaintiff in error purchased of said Ross a one-half interest in said

photographic goods and the good will of the business and entered into copartnership with him.

The fifth plea is that the sum of $1,000 in the covenant mentioned was not intended by the parties thereto as assessed and liquidated damages, but as a penalty to be forfeited upon a breach of the bond.

The sixth plea is that at the time of the alleged breach of the bond neither Stephen nor Alva Watson had any interest in the goods mentioned in covenant, nor other photographic goods in Danville, nor in the business of photography in that city.

The court sustained a demurrer to each of these pleas. The cause was submitted to the court, who refused to admit in evidence, under other pleas, proof that Stephen A. Watson had sold his business to Ross and contracted not to enter into such business in Danville for five years, and also refused to admit proof that Alva Watson was a resident of Indiana, and had no interest in photographic property or affairs in Danville, and also to hear parol evidence that the $1,000, mentioned in the covenant, was intended as a penalty or forfeiture and not as liquidated damages. Propositions of law applicable to the facts set out in the rejected pleas as constituting defenses to the action were presented to the court and refused. The judgment was for the defendants in error in the sum of $1,000, to review which this writ of error is prosecuted.

G. W. SALMANS and W. J. CALHOUN, attorney for plaintiff in error.

LAWRENCE & LAWRENCE, attorneys for defendants in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The covenant of these parties only required the plaintiff in error to abstain from the exercise of his calling for a limited time in a particular place.

The restriction was not violative of public policy but was valid.

This principle is so familiar and well recognized that it needs no citation of authorities in its support.

Another principle applicable to this contention is declared in Gobble v. Linder, 76 Ill. 157, to be equally well settled, and that is if the parties to an agreement have named in the instruments a sum as a forfeiture or penalty in case of a breach it will generally be so treated, and damages awarded according to the wrong or injury shown by evidence to have been inflicted by the breach; but that if the intent of the parties to be gathered from the instrument considered altogether is that, though denominated a forfeit or a penalty, the sum so named was intended as liquidated damages, it will be so regarded if the damages arising from a breach are uncertain and not capable of being ascertained by any satisfactory or known rule for measuring damages.

In the case at bar we are not left to the necessity of gathering or inferring the intent of the parties relative to the sum named from the whole instrument, because the express words of the covenant are that the plaintiff in error in case of a breach, " will forfeit and pay said Watsons the sum of ·one thousand dollars liquidated damages." Moreover, it is manifest that the damages which would result from a breach of a covenant not to engage in the business of photography are uncertain and difficult of ascertainment as an issue or question of fact, and as it appears from the face of the covenant that the parties agreed upon a sum certain as liquidated damages in case of a breach, and there being no reason apparent why such sum should be deemed disproportionate to the real or possible damages thus agreed and fixed, we think the ruling of the Circuit Court that the amount of the recovery was controlled and fixed by the sum stipulated, was correct. Gobble v. Linder, *supra;* Perrie v. Webber, 47 Illinois, 41; 13th Am. & Eng. Ency. of Law, 854–56 and 867.

Counsel for plaintiff in error argue that as the pleas aver that the plaintiff in error retired from business after selling out to the Watsons, and remained out of the business while Stephen Watson engaged in it in Danville, and only exercise his skill in photography after the Watsons had retired from such business in Danville, under a contract on the part

of Stephen Watson not to engage in it again in that city for five years, that it undisputably appeared from the pleas that no actual damage accrued to the defendants in error or either of them, and as in the absence of actual injury and damages there can be no recovery of liquidated damages, the pleas presented a complete defense and the court erred in holding to the contrary. The contract and covenant of the plaintiff in error that he would not engage in business as a photographer in Danville within five years from its date was a valid and binding obligation, and as such, was enforceable in the courts. It can not be said that defendants in error can not possibly be interested in the performance of the contract, nor be damaged by its breach, simply because neither of them are engaged in, nor interested in, the business of photography in Danville. For aught that appears in the pleas, they, or one of them, may be engaged or interested in such business in the immediate vicinity of that city and may suffer because of the exercise by the plaintiff of his skill, experience and reputation as a photographer in Danville, to an extent but little, if any, less than if the parties were rivals in the business in the same city or village. The exercise of his calling by the plaintiff in error in Danville, may be prejudicial to the defendant in other ways which can not and need not be the subject-matter of conjecture. He legally bound himself to defendant in error for a consideration, not to so exercise his calling in that city for a limited period of time, and agreed that if he violated his covenant, that the damages to be paid by him to them should not be left to the courts to determine as a matter of fact, but should be estimated and fixed at $1,000.

He received and enjoyed, or is yet in the enjoyment of the considerations paid for his agreement to so abstain from his calling, and, as he has refused to abide by his covenant, it can only be held that he is liable for its breach.

The obligees are entitled to the full benefit of the covenant, and the obligor does not fully answer its violations by saying that the obligees are no longer his rivals in Danville. The pleas were properly held insufficient.

The judgment must be and is affirmed.