## Christian Eberhardt v. Benjamin S. Miller and Eli J. Gingrich.

1. CONTRACTS—*What Appears to be the Construction of the Parties, Adopted by the Court.*—A and B entered into a contract for the sale of real estate, by which A was to make a good and sufficient warranty deed by January 1, 1896, and furnish an abstract showing perfect title; and a forfeiture of $1,000 was provided for in case either party should fail to comply with his agreement. The abstract when presented showed a tax deed, dated June 7, 1867, and a regular chain of conveyances from the grantee in that deed to A, and contained affidavits to the effect that the land had been in the peaceable and unquestioned possession of the grantee in the tax deed and his grantees from the date of said deed; that the original owner died before the tax sale, and that he left no minor heirs. The affidavits were not objected to until after suit was brought by B to recover the penalty of $1,000 and an advance payment of $200. *Held*, that the contract should be regarded as the parties seemed to regard it before and at the time fixed for its performance, and that B should not be permitted to object to the affidavits and compel a forfeiture because no sufficient abstract of title was offered.

**Assumpsit**, for a penalty. Appeal from the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed June 16, 1897.

J. R. & WALTER EDEN, attorneys for appellant.

HARBAUGH & WHITAKER, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The plaintiff below recovered a judgment against defendant for $700 in assumpsit.

The declaration alleged a breach of contract in reference to the sale of land. It appears that the parties entered into a written agreement on the 13th of July, 1895, by which appellant agreed to sell to the appellees 160 acres of land for $13,600, of which $200 was then paid in cash; $3,800 was to be paid January 1, 1896, and the balance in deferred payments extending through a period of some six years. Appellant was to make a good and sufficient warranty deed with abstract showing perfect title, the deed to be made on or before January 1, 1896.

It was provided that, " in failure of either of the parties to this contract to fulfill this agreement for this contract, to forfeit to the other the sum of one thousand dollars."

The plaintiff claimed the right to recover the $200 advance payment, and $1,000, the forfeit mentioned, because defendant failed to furnish an abstract showing perfect title.

The parties met on the 1st of January, 1896. The defendant presented a deed for the land in due form, and had a considerable time before presented his abstract—the plaintiffs presented the notes for the deferred payments, and had there, ready to pay over, the sum of $3,800 then due under the contract, but did not permit the defendant to count it.

The objection made by plaintiffs was that the abstract did not show a perfect title for the west eighty-acre tract of land under contract. The abstract showed an entry of this tract in May, 1853, by Augustus Daniels, a sale for taxes and a sheriff's deed thereunder, the deed bearing date June 7, 1867, and a regular chain of conveyances from the grantee in that deed to the defendant.

There was also an affidavit signed and sworn to by one Joel Kenny to the effect that the land had been in the open, peaceable and unquestioned possession of said grantee and his grantees from the date of said tax deed down to the date of the affidavit September 28, 1895, a period of over twenty-eight years, and there was also the affidavit of the defendant, dated January 1, 1896, showing that he had been in actual possession under claim of title by deed since March 1, 1887, and had paid all taxes during that period.

There was also an affidavit of one Grizzard, showing that the patentee, Daniels, died intestate in the State of North Carolina some time during the year 1860, leaving no widow or children nor any minor heirs, and that he had a brother Julius Daniels, who died in 1863, leaving a widow but no children or minor heirs. It seems that the objection taken to the abstract when presented some time previously, and again at the meeting January 1, 1896, was that there was no quit-claim deed from the widow of Julius Daniels, and that defendant had made some effort to obtain such a deed, but the widow, who lived in North Carolina, having changed her residence, it required more trouble and expense than was thought necessary, and it was given up. It is urged on behalf of plaintiff (appellees here) that the sheriff's tax deed was insufficient to convey title because there was no proof of the necessary preliminary steps to show a valid sale. No argument in opposition to this position is made in behalf of defendant (appellant here), and we do not feel called upon to determine whether an abstract to show a perfect title should be accompanied by such proofs. It is further urged on behalf of appellees that the affidavits referred to are no part of an abstract and can not be regarded as such. One difficulty is to say what is meant by the term "abstract of title," as used in this contract.

Very few titles are perfect in and of the record. Where there is a change of ownership by operation of law consequent upon the death of the owner intestate, it is necessary to prove by parol upon whom the title is cast, and where title is based in whole or in part upon the operation of the

statutes of limitation, parol proof is necessary with reference to possession and the like. We suppose it is the usual practice in making abstracts of title to manifest such facts by the affidavits of persons cognizant thereof, and while such affidavits are not legal proof of the matters therein set forth they are usually accepted as sufficient for the purpose. So we find that when the parties were discussing this abstract no objection was made to the affidavits as a part of it, but the point was that a quit-claim deed should have been obtained from the widow of Julius Daniels, and it was conceded that the title would be satisfactory with such deed. It was also objected at the meeting on January 1st that the affidavits did not show but Daniels might have had other brothers who might have left minor heirs.

It is true the affidavit of Grizzard did not in terms say that Julius was the only heir of Augustus Daniels, though such is the fair inference and such no doubt was the understanding of the appellant.

Now taking these affidavits as a part of the abstract, as the parties did, reasonable construction thereof leads to the conclusion that when the possession under tax title began there were no persons interested in the land by reason of their relation to the title of the patentee who were under disability through infancy or coverture, or indeed from any cause, and that a title by possession for twenty years matured within a short time after appellant purchased the land, and in addition that the appellants had a good title by reason of possession under his deed, and payment of taxes more than seven years when he entered into the agreement declared on.

The specific objection urged that there was no deed from the widow seems wholly without force, for upon the facts deducible or inferable from the affidavits, she had no claim that she could have enforced as against the appellant.

The appellees should not be permitted now to ignore these affidavits and thereby compel a forfeiture of one thousand dollars, because no sufficient abstract of title was offered. The matter should be regarded as the parties then and before, seemed to regard it.

Whether the sum named should be considered as a penalty merely, or as liquidated damages under the rule announced in Gobble v. Linder, 76 Ill. 157, and other cases in this State, need not now be discussed. But be it the one or the other, we think appellees were in no condition to demand it on the facts as disclosed—nor were they at liberty to withdraw from the contract and require a return of the payment of $200, which they had advanced. We are impressed with the view that their action at the meeting of January 1, 1896, was not in good faith, and that they were actuated more by a purpose to obtain an unfair advantage over the appellant than to secure a perfect title.

It is difficult to see upon what basis the damages were assessed. The sum advanced, $200, was no doubt allowed, but upon what theory the rest was determined is not apparent.

If the sum named in the contract was liquidated damages, then plaintiffs were entitled to the whole of it. If it was a penalty, then the allowance should have been restricted to the damages sustained, as to which there was no proof aside from the item of $200.

We think the judgment is not in accordance with the rights of the parties and that it should be reversed and the cause remanded.