Meyer W. Lippman, Appellant, v. Hyman Graber, Appellee.

Gen. No. 33,473.

Opinion filed January 2, 1930. Rehearing denied January 15, 1930.

Wm. M. Tannenbaum, for appellant; Sydney R. Drebin, of counsel.

Irving S. Abrams, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

In a trial before the municipal court without a jury there was a finding for defendant and a judgment of *nil capiat* and for costs, from which the cause comes to this court by the appeal of plaintiff.

Plaintiff commenced this suit against defendant in an effort to recover the sum of $1,500 which he claimed was the balance due of the purchase price of a junior mortgage note for $3,000, sold by plaintiff to defendant for 55 per cent of the amount thereof, and also for the sum of $150 which plaintiff claimed defendant agreed to pay on account of plaintiff's solicitor's fees. In the statement of claim plaintiff credited defendant with $300 delivered in escrow. The $3,000 note was delivered to Chicago Title and Trust Company, as escrowee, to be delivered to defendant on payment of the balance of the purchase price. In the affidavit of merits it is charged that plaintiff and defendant executed and delivered a contract in writing covering the transaction, but denied that defendant agreed to pay $150 for plaintiff's solicitor's fees or any other sum; that defendant failed to consummate the contract and elected to forfeit the $300 paid by him as forfeit money, and the plaintiff now has the $300 and consequently defendant is not indebted to plaintiff in the amount of his claim or any other sum.

In the contract between the parties is found the following provision:

"In the event that the party whose bid is highest fails, neglects or refuses to pay the balance of the purchase price within the time specified, he shall forfeit the $300 as liquidated damages, and it shall be the duty

of said Chicago Title and Trust Company to turn said $300 over to the party whose bid is lowest, and to be kept by said party as and for his liquidated damages, and not as a penalty.''

The claim for $150 solicitor's fees is founded upon a letter written by one Irving S. Abrams, of the law firm of Abrams & Sonnenschein, to the plaintiff, in which it was said:

''In connection with the above entitled cause, I hereby agree to accept the sum of Three Hundred and Fifty Dollars ($350.00) in full for my services as solicitor for complainant.

''This letter is executed in connection with the contemplated purchase between the respective parties of a portion of a second mortgage on which foreclosure has been instituted in the above entitled cause in order to more definitely set forth the items of expense in connection with said foreclosure.

''$150.00 to Tannenbaum & Polikoff, O. K. Irving S. Abrams.

(Signed) Irving S. Abrams.''

The letter was offered in evidence and an objection thereto made by defendant was sustained, and error is assigned on that ruling of the court. Mr. Abrams was impotent to make a contract of any nature saddling a liability upon plaintiff without procuring his consent thereto. We think it, therefore, patent that the ruling of the court excluding such self-serving document as evidence to bind plaintiff to pay $150 for a solicitor's fee, which there was no evidence to show he agreed to pay, was correct.

It is argued for reversal that this provision of the contract is penal and not in liquidation of damages. If this court should so hold, it would be tantamount to making a new contract de hors that which was made by the parties themselves. Furthermore, to so hold would eliminate that vital clause of the contract. We must assume that when the parties made the contract

they had in mind that defendant might not wish to conclude it, and therefore in contemplation of such a situation occurring and to avoid litigation and the uncertainty thereof, agreed upon the measure of damages which should be assessed for such breach. We hold in construction of this clause of the contract that the damages provided for thereby were in their nature liquidated and not "as a penalty."

Where a contract provides for liquidated damages by the stipulation of the parties, such becomes the limit of recovery. As said in *Hennessy v. Metzger,* 152 Ill. 505:

"If the amount named in the contract be regarded as liquidated damages, it forms the measure of damages, and the jury are confined to it. (Sedgwick on Damages, 6 Ed., page 396.)"

And in *Boyce v. Watson,* 52 Ill. App. 361, in which the parties by their contract stipulated as to the amount of the liquidated damages in case of breach, where the trial court sustained that provision of the contract, it is said:

"The ruling of the Circuit Court, that the amount of the recovery was controlled and fixed by the sum stipulated, was correct."

While the law as to liquidated damages is at times uncertain and involved, yet the courts have applied certain rules which are controlling. On this point in *Berger v. Nants,* 172 Ill. App. 623, it is said:

"The primary question is to determine the meaning and intent of the parties from the contract itself, the subject-matter thereof, the terms used to express the intent, and the circumstances under which the contract was made."

Applying this principle to the contract of the parties, we find no difficulty in concluding that the provision for liquidated damages, being freely entered into, is binding upon the parties. The stipulation of the parties in

the contract, in the absence of fraud in procuring the execution of the contract, is binding upon them, and in the case at bar there is no contention made that any fraud was practiced in procuring the execution of the contract. In the absence of fraud the amount fixed by the parties is the guide for the court's action: *Gobble v. Linder,* 76 Ill. 157; *Scofield v. Tompkins,* 95 Ill. 190; *Boyce v. Watson, supra; Poppers v. Meagher,* 148 Ill. 192.

We think this case is peculiarly susceptible to the application of the doctrine of stipulated liquidated damages. It embodies the elements which justify its application, because in an action for breach by either party, the amount of damages recoverable is uncertain and not capable of exact ascertainment, and rests mainly in estimation void of mathematical certainty, and not capable of being ascertained by any satisfactory or known rule for measuring damages. The elements contained in the leading case in this State, *Gobble v. Linder, supra,* are present in the instant case in the matters above recited and equally controlling of our decision.

Plaintiff submitted several propositions of law to the trial judge, whose rulings thereon were without error.

There is no reversible error in the record of this case. It therefore follows that the judgment of the municipal court ought to be and is affirmed.

*Affirmed.*

WILSON, P. J., and RYNER, J., concur.