## Sam Moyses, Appellee, v. Margaret Schendorf et al., Appellants.

### Gen. No. 4,969.

1. JUDGMENT BY CONFESSION—*when leave to plead should be granted*. A motion for leave to plead should be granted if the showing in support of the motion makes a *prima facie* defense to the note upon which the judgment is entered.

2. SALES—*when vendor excused from tender*. When the time for performance has come, the vendor must possess the thing to be sold and must tender it, if it is susceptible of manual delivery, or by conveyance, if it is not, before he can put the other party in default; but if the vendee or grantee declares his intention not to perform, or refuses to perform, then a tender of delivery or a conveyance is not necessary, as the law does not require a needless formality.

3. SALES—*what false representations of fact*. To state that a business sought to be sold has been conducted at a profit when in fact it had been conducted at a loss, is to falsely represent a matter of fact, which authorizes a rescission. *Held*, however, in this case, that the affidavit by which it was sought to show the falsity of such representations in order that a judgment by confession might be opened up, was not sufficient in that it was predicated upon hearsay.

4. PENALTIES AND FORFEITURES—*what deemed liquidated damages*. A provision for the payment of a particular sum in the event of the breach of a contract is presumed to be a provision for the payment of liquidated damages where the damages which would result from a breach would be difficult to estimate and could not be proved with any degree of certainty.

Judgment by confession. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

CLARK & CLARK, for appellants; CLYDE L. DAY, of counsel.

C. B. HAFFENBERG and LOUIS GROLLMAN, for appellee; HERMAN FRANK, of counsel.

Mr. Justice Willis delivered the opinion of the court.

In vacation, after the October term of the Lake County Circuit Court, appellants, Margaret Schendorf and Henry C. Schendorf, confessed judgment on a promissory note in favor of appellee, Sam Moyses, for $1,515. At the next term, said appellants moved the court to stay execution, vacate the judgment, and for leave to plead. This motion was heard without objection or exception, upon an affidavit of Henry C. Schendorf with a contract attached thereto, as an exhibit, and upon counter-affidavits for appellee, and an affidavit in reply by appellant Henry C. Schendorf. Notwithstanding the absence of objection to that method of hearing the motion, we are of the opinion that the court should have opened the judgment independent of the showing in the counter-affidavits, if the showing in support of the motion made a *prima facie* defense to the note. It appears that appellee and appellant, Henry C. Schendorf, hereinafter called Schendorf, entered into a written contract dated September 1, 1906, for the purchase of 100 shares of the capital stock of the E. Goldstein Company, a corporation doing business in Chicago, Illinois, for $8,000, the same to be paid not later than November 1, 1906. To secure the consummation of the contract, Schendorf and Margaret Schendorf, his wife, appellants, executed and delivered to appellee a promissory note for $1,500 payable November 1, 1906. The contract provided that if Schendorf paid for the stock according to the terms of the contract, the note was to be returned to him; if he did not, the note should become due and payable immediately. This was the note upon which the judgment was entered.

The business of the E. Goldstein Company was a saloon and restaurant operated together. By the terms of the contract, Schendorf became manager of the restaurant portion of the business at a salary of $25 per week, which position he was to hold until the first of November, 1906. He, however, continued as manager

until November 15, 1906, when he surrendered the keys to appellee's attorney.

It is contended that appellants were not liable on the note because appellee did not tender Schendorf the 100 shares of stock contracted for, and that he did not show that he owned the stock. It is no doubt true that when the time for performance has come, the vendor must possess the thing to be sold, and must tender it, if it is susceptible of manual delivery, or by conveyance if it is not, before he can put the other party in default. Augsberg v. Meredith, 101 Ill. App. 629, and cases there cited. There is an exception to this rule however. If the vendee or grantee declares his intention not to perform, or refuses to perform, then a tender of delivery or a conveyance is not necessary, as the law does not require a needless formality. Osgood v. Skinner, 211 Ill. 229. From the proof it is clear that the capital stock of the E. Goldstein Company consisted of 200 shares, that Goldstein owned 100 shares and appellee 100 shares on November 1, 1906, and it is undisputed that Schendorf told appellee or his attorney that he would not take the stock. Since appellee owned the stock and Schendorf declared that he would not take it, it was essential that appellee tender it to him in order that a right of action should accrue on the note.

Appellants' main contention is that the contract and note given to secure their compliance therewith, were procured by false and fraudulent representations. It appears from the affidavit first filed by Schendorf, that on or about August 25, 1906, as an inducement for him to buy the stock, appellee told him that this saloon and restaurant business was making money, and that this statement was absolutely false, and known to be false by appellee; and that at the time said negotiations were being made said saloon and restaurant business was being run by the Goldstein Company at a loss of $35 to $50 per day, and that said loss continued at the

same rate up to the time Schendorf gave up said restaurant, November 15, 1906.

Schendorf, in an affidavit filed in reply, stated that appellee told him that the restaurant was not paying, but that the saloon was paying first rate, and was making so much money that both operated together were profitable, and on a paying basis. It is contended by appellee that these statements, if made, were but puffing one's wares, and that the seller had a right to do that. If the statement had been that it would pay in the future, this position would be correct. If, in fact, the saloon and restaurant business was being conducted at a loss of from $35 to $50 per day then the statement made by appellee to Schendorf that it was being conducted at a profit was false, as a matter of fact, and not as a matter of opinion, and that fact was within the knowledge of appellee, and not of Schendorf. We, however, conclude that the proofs appearing in the affirmative were not sufficient for this reason to warrant the court in opening the judgment and giving leave to set this matter up as a defense. Obviously Schendorf did not know, from his own knowledge, that the business was run at a loss of from $35 to $50 per day during the period covered by the negotiations, and if he had learned that fact from anyone, it was but hearsay on his part. If someone knew the fact, and told him of it, there should have been an affidavit showing that fact by some person knowing it, or knowing facts sufficient to show it. In order to know whether the business was being conducted at a loss, it would be necessary not merely to consider the receipts for a few days, but to know what the expenditures had been for stock, labor, rent, etc., over a considerable period of time. Schendorf's was the only affidavit filed showing that the business was being conducted at a loss during the period covered by these negotiations. It is true that Schendorf's affidavit does not show that he made these statements upon information and belief, but shows that the statements were made by him as if he

knew them to be true, but it is obvious from a consideration of his entire affidavit, that he could not know the fact and that it was but hearsay. We are of the opinion that an allegation of this kind, on hearsay only, unsupported by any direct proof of the truth of the statement, or by anything to show that the statement can be supported by such proof, is not a sufficient allegation. It is true that Schendorf stated in his affidavit that while he was manager of the restaurant, from about September 1 to November 15, 1906, the entire business was losing from $35 to $50 a day. If this were true, its being conducted at a loss then would not prove that it had been previously conducted at a loss and the loss, if any, might have been due to the inexperienced management of Schendorf. Moreover, Schendorf includes the saloon as well as the restaurant business, and, except for ten days, he apparently had nothing to do with that, and in his affidavit in reply he states that he really did not know that they were losing business before the first of November, so that even his allegation that they were losing money from the time he took possession, at the rate of from $35 to $50 per day is hearsay, without being supported by the affidavit of anyone who knew. Taken altogether, Schendorf's affidavit means no more than that he had reason to believe that from undisclosed sources he will be able to show that the business was conducted at a loss. We think this insufficient to authorize the court to open the judgment.

Appellant further contends that the contract was rescinded by mutual agreement, and the liability on the note thereby released. Appellee's attorney went to Schendorf several times, and insisted on his paying for the stock if he was going to take it, and he begged off, asking for more time in which to sell certain stock on the farm to raise the money. Schendorf in his reply affidavit, says that though he probably did say those things, he was not giving his true motive, but that his real desire was to get more time to find out whether

it was a paying institution. About November 15, 1906, appellee's attorney said to Schendorf that he must either get out of the restaurant and give up the keys or take the stock and pay for it, and he said he would get out. He did surrender the keys and get out immediately. This, in our opinion, was only a surrender of his position as manager of the restaurant at $25 per week, and we do not think it can be considered to mean that he was released from the liquidated damages embraced in the consideration expressed in the note, by giving up the management of the restaurant and the keys.

Appellants insist that the consideration expressed in the note was a penalty, and that forfeitures are odious to the courts, except when definitely contracted for, and when nothing is done by the party for whose benefit they are made to mislead the other to his injury, and that courts of justice do not regard forfeitures with favor, and they are never enforced unless the evidence is clear that such was the intention. We do not incline to the opinion that the consideration expressed in the note was in the nature of a penalty, but under the authority of Gobble v. Linder, 76 Ill. 157, conclude that it was in the nature of liquidated damages, for the reason that appellee had agreed to sell to Schendorf for $8,000, 100 shares of stock in the E. Goldstein Company, and in case of a breach of the agreement it would be difficult to estimate and prove with any degree of certainty, the amount of damage sustained. For that reason it may be presumed that the damages had been the subject of calculation and adjustment, and that the sum named was the amount definitely agreed upon. As said in the Gobble case, it does not militate against the principle that the damages actually suffered may have been small in comparison with the sum mentioned in the agreement.

Nothing in the agreement in evidence in this case manifests any intention that the sum named should be treated as a penalty. On the contrary, as was said in

Peine v. Weber, 47 Ill. 41, "Unless there is good cause for it, a court cannot declare a stipulated sum, which the parties themselves have said shall be the amount of damages, to be a penalty merely." The facts in this case afford no sufficient reason for so declaring. We are of the opinion that the contract was fairly made and understandingly entered into. Considering the language employed, the nature of the contract, what the parties had contracted to do, and all the attending circumstances, we are led to the conclusion that it was the intention that the sum named should be the measure of damages in case of the failure of Schendorf to perform his part of the contract, and therefore was liquidated damages.

We conclude, therefore, that appellants' showing in support of the motion to open the judgment with leave to plead, was not sufficient, and that there was no error in the denial of such motion.

The judgment is therefore affirmed.

*Affirmed.*