# H. G. Tyner, Appellee, v. Neal Institutes Company (of U. S.) and James E. Bruce, Appellants.

## Gen. No. 18,954.

1.   JUDGMENT, § 78*—*when motion to open judgment is addressed to the discretion of the court.*   When a motion is made after a judgment has been confessed under a warrant of attorney in a court of record by an attorney of that court, a motion to set aside or to open it so as to allow the defendant to plead is addressed to the discretion and the equitable powers of the court.

2.   JUDGMENT, § 82*—*when allegations in support of motion to open judgment by confession insufficient.*   Affidavits in support of motion to open a judgment entered by a confession on promissory notes, alleging that the notes were executed in a certain settlement upon false representation as to the facts, *held* not to state a case on the merits to open the judgment, the allegations being based on hearsay and the allegations of fraud being too general, and there being no contradiction of certain facts stated in a counter-affidavit.

3.   APPEAL AND ERROR, § 810*—*what should appear in bill of exceptions.*   On appeal from an order denying defendant's motion to open up a judgment entered by confession on promissory notes, *held* that the notes, warrants of attorney, statement of claim and affidavits were improperly in the transcript of the record and not in the bill of exceptions where alone they properly belong.

4.   APPEAL AND ERROR, § 805*—*when rule that bill of exceptions will be regarded as containing all the evidence, inapplicable.*   A bill of exceptions not certifying that it contains all the evidence, *held* not to be in such form nor so arranged as to come within the rule that where it otherwise appears than from the certificate that the bill of exceptions actually contains all the evidence it will be considered to do so, though there is no certificate to that effect.

5.   APPEAL AND ERROR, § 495*—*when objection to counter-affidavits on motion to open judgment not preserved.*   Where no objection was made in the court below to counter-affidavits presented by plaintiff on motion of defendant to open up a judgment by confession, such objection comes too late on appeal.

Appeal from the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 30, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Enos W. Shaw and Charles Center Case, Jr., for appellants.

Clark & Clark, for appellee.

Mr. Justice Brown delivered the opinion of the court.

December 4, 1911, the plaintiff below and appellee in this court, H. G. Tyner, recovered a judgment in the Municipal Court of Chicago against the defendant and appellant corporation, Neal Institutes Company, and James E. Bruce for $2,162.60. The plaintiff had theretofore filed a statement of claim in the proper form under the Municipal Court practice on two promissory notes, together with an affidavit of the execution by the defendants of the said two notes and of the warrants of attorney incorporated in them to any attorney of any court of record to confess judgment on them. An attorney of the court, under the authority of said warrants of attorney, filed a *cognovit* and the judgment above described was entered.

December 21, 1911, the defendants moved that the judgment of December 4, 1911, be vacated and set aside. February 3, 1912, the said motion was, after a hearing on affidavits and counter-affidavits, denied; whereupon, as the record states, ''an appeal of this cause'' was prayed and granted to this court. The appeal bond filed in the cause recites the appeal to be ''from the ruling of said'' (Municipal) ''Court on motion to set aside'' the judgment described.

Nineteen assignments of error are appended to the transcript of the record. But the points insisted on in argument are but four:

That the warrants of attorney did not contain authority to confess judgment for both or either of the defendants.

That the proof of the execution of the warrants of attorney was insufficient to justify the entry of judgment under the *cognovit*.

That in the hearing of the motion to "vacate and set aside" the judgment, as the common-law record recites it, or "to set aside said judgment and that an order be made allowing the defendants to plead and make defense to said notes," as the bill of exceptions states it, the court erred in considering certain affidavits presented by the plaintiff, said affidavits not showing that they were properly sworn and being in any event incompetent and improper to be considered on this motion.

That even with all the affidavits offered at the hearing of the motion considered, a showing of defense was made which made it the duty of the court to open up the judgment and let the issue be tried by a jury.

It is well settled in this State that when a motion is made after a judgment has been confessed under a warrant of attorney in a court of record by an attorney of that court, a motion to set it aside or to open it so as to allow the defendant to plead is addressed to the discretion and the equitable powers of the court.

"On a motion to vacate a judgment, confessed by authority, and for leave to plead, the question is not whether the judgment should be set aside because of errors of law, but whether there exists any equitable reason for opening the judgment to let in a defense," is the language of the Court in *Moyses v. Schendorf*, 238 Ill. 232.

It is not therefore necessary for us to dwell on the arguments pressed by the appellants in this appeal, as to the insufficiency of the proof of the signatures to the warrant of attorney under which the judgment was confessed, or the use of counter-affidavits on hearing of the motion to vacate, or whether there was implied power in the officers of the Neal Institutes Company (of U. S.) to execute the warrant of attorney annexed to the notes sued on, or whether the jurats attached to the counter-affidavits offered for the appellee were so defective as to have properly barred them out on the hearing. We shall chiefly confine ourselves to a con-

sideration of whether the defendants made by their affidavits such a case as made it an abuse of the certain amount of discretion which an appeal to the equitable powers of the court in a case like this necessarily involves, to deny a motion which the common-law record recites as a motion "to vacate the judgment," but which the bill of exceptions, which perhaps must govern, declares to include the less definitive one of opening the matter to allow pleading and defense in regular course.

But before thus proceeding to the merits of the controversy described in the affidavits, it should be noted, we think, that there are insuperable technical difficulties in the way of upholding the appellants' contentions before described, even did we deem a decision of them more material.

The bill of exceptions, which at best is in an irregular form, does not certify that it contains all the evidence, and it is not in such form nor so arranged that it comes within the rule frequently recognized by us, that where it otherwise appears than from the certificate that the bill of exceptions actually contains all the evidence, it will be considered to do so, even though there is no certificate to that effect. Indeed, in the present case, neither the notes with the warrants of attorney incorporated therein, nor the proof of execution and genuineness on which it is maintained that the plaintiffs alone relied in securing the judgment, are in the record at all where we can properly and technically take notice of them and judge from them what proof was made. Two notes with warrants of attorney, answering to the description of the notes in a "statement of claim" filed in the Municipal Court, are bound into the transcript of the record and there is also annexed to the said "statement of claim" a document entitled "Affidavit of Execution of note and of Plaintiffs' Claim." The notes and warrants of attorney, together with the "statement of claim" and affidavit, etc. (as above described), follow the assertion in the transcript

that "on the 4th day of December, A. D. 1911, a certain statement and affidavit of claim was filed in the office of the Clerk of said Municipal Court in words and figures following"; but they do not appear in the bill of exceptions, where alone they properly belong. See *Magher v. Howe,* 12 Ill. 379, where the transcript of the record was made up as the one at bar is.

There is, as the bill of exceptions stands, no proof or certificate before us that there was not other evidence justifying the entry of the judgment by confession of an attorney of record besides the warrants and affidavits which we find annexed to the common-law record. As to the use of counter-affidavits, no objection so far as appears was made below, either to the use of those that plaintiffs presented either on general principles or on account of special objections to the jurat. The bill of exceptions says that the court "by agreement to permit plaintiff to file counter affidavits," set the case down for hearing on a day subsequent to the filing of the defendant's motion and its supporting affidavit. It is now too late to raise these objections. *Washington v. Louisville & N. Ry. Co.,* 136 Ill. 49, p. 55.

Objections to the sufficiency of the form of the warrant of attorney are met by the reasoning of the opinion of the Branch Appellate Court of this District in *Barron v. Kimball,* 124 Ill. App. 268. And the want of proof of authority on the part of the treasurer of the Neal Institutes Company to execute the warrants of · attorney (there being no evidence of such lack of authority) would not, even if those warrants were properly before us, be fatal to the validity of the judgment according to the rule laid down in *Snyder Bros. v. Bailey,* 165 Ill. 447.

We do not purpose to discuss the doubtful question raised by the appellants whether, under the Negotiable Instrument Act, the burden would be on the plaintiff to prove that he was "a holder in due course" of the notes sued on, if a defense were shown to exist between

the payee and the maker based on false statements as to collateral matters inducing the maker to execute the instrument, and not on false statements as to the nature of the instrument he was induced to execute; in other words, whether the words in the 59th section of the act, "that the title of any person who has negotiated the instrument was defective," are tantamount to the words "that there was a defense between the maker and the person who has negotiated the instrument." We do not need to do so, for on the assumptions (made only for the purposes of this discussion) that the burden is thus on the holder and that in this case the affidavits heard on the motion make such a *prima facie* or doubtful case on the question of whether the plaintiff is a holder in due course, as to render proper and desirable its submission to a jury, if the continued existence of the judgment ought to depend upon it, we are nevertheless of the opinion that no sufficient case was made on the merits for the vacation or opening of the judgment. This is because of the nature of the affidavits offered in support of the motion and shown in the bill of exceptions, so far as they pertain to the defense claimed by the defendants against the original payee of the notes. Such a defense is not sufficiently made out.

The bill of exceptions is a peculiar document. It begins by saying that the defendants "complain as follows:" Of course nothing which is a mere "complaint" of the defendants would be material. There are annexed, however, as "exhibits" to the bill of exceptions certain affidavits, which we will assume the certificate of the judge to the bill of exceptions, which is thus recited to be "a complaint," identifies as offered in support of the motion to vacate and as a part of the bill of exceptions.

On the point in hand there are but two of these— one of J. A. Campbell, the general attorney for the defendants, and the other of the defendant Bruce. The substance of them both is that the payee of the notes

received them from the makers in a settlement of business between himself and those makers relating to a purchase of a "Neal Institute" at Los Angeles, made from the defendants by the payee, and afterwards, as a matter of fact, rescinded, revoked, annulled or abrogated (the particular word is not material and the words are not here used technically) by agreement of the parties to it, and that the affiants believe that the said payee, one C. H. Carleton, lied to the defendant and affiant Bruce, who conducted the business for himself and the other defendant, to secure said settlement, and that in consequence the defendants would have a good defense to said notes in said Carleton's hands. The particular lie or misrepresentation is said to be that one Soper, who was an agent for said Bruce, had, before sailing for Australia shortly before the making of the notes, agreed that the settlement in question should be made. Bruce's affidavit says that he employed another agent, one Collins, to investigate the matter and on his report that he believed the arrangement had been made, executed the notes in settlement, but that on Soper's return from Australia he "learned from him what he believed to be the true facts," namely, that Soper had not made the arrangement attributed to him. This certainly is hearsay—quite as much so as the contents of the affidavits involved in *Moyses v. Schendorf,* 142 Ill. App. 293, affirmed in 238 Ill. 232, which affidavits on that account the Appellate Court and the Supreme Court found furnished no sufficient ground for vacating a judgment by confession. In our opinion there was no greater reason in this case than there was in that to open the judgment. The allegations of fraud are as general and the evidence offered as unsatisfactory.

It is worthy of note that although the fraudulent representations were alleged to be of what Soper had said to Carleton and had been made to Collins as well as to Bruce, neither the affidavit of Soper nor of Collins was offered to show either by direct testimony

what Soper had said, or on what Collins founded the report which led to the settlement.

It perhaps also may well be noted that the counter-affidavit of Carleton among other things stated a fact of which no contradiction was made—that prior to the date of the notes the defendants had resumed possession and full charge and management of the Institute involved.

We do not think the action of the court below was unjustified, and its order appealed from is affirmed.

*Affirmed.*