**Robert Roy McGregor, Trustee, Plaintiff, Appellee, v. John T. Lamont, Defendant, Appellant.**

1.   BILLS AND NOTES—*rights of bona fide holder of note given for stock sold in violation of Blue Sky Law.*   Section 37 of the Illinois Securities Act (Cahill's Ill. St. ch. 32, ¶ 290) does not render void, in the hands of a bona fide holder, a note given for the purchase of corporate stock sold in violation of the act.

2.   JUDGMENT—*insufficiency of allegations as ground for vacating.*   On motion to open a default judgment on a judgment note given for corporate stock, allegations contained in an additional affidavit supporting such motion that the person who purported to act as president of such corporation was never elected president by the board of directors or by any meeting of the stockholders, that the association never elected any directors and that, at the time the agreement to purchase stock was made, there were no duly authorized directors of the association, were merely assertions or con-

clusions of affiant and were insufficient as a legal basis to warrant the court in vacating the judgment or in opening it to allow the party to plead.

Appeal from the Circuit Court of McLean county; the Hon. ED-WARD BARRY, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed April 22, 1922.

WILLIAM R. BACH and LESLIE J. OWEN, for appellant.

RICHARD F. DUNN, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The appellee, Robert Roy McGregor, took a judgment by confession on a judgment note in the circuit court of McLean county on May 2, 1921, against the maker of a judgment note, John T. Lamont, the appellant herein, for $388. On the 6th day of May, following, appellant made a motion, which was supported by an affidavit and an additional affidavit, to vacate the judgment, and to open it up, to allow the appellant to plead certain matters in defense. The court heard the motion and entered an order denying the appellant's right, under the showing made, to have the judgment vacated or opened up. Defendant in the judgment prosecutes this appeal.

The question presented for determination on appeal is whether the appellant in his affidavit and additional affidavit set up such facts as would warrant the inference that he had a meritorious defense to a recovery on the note, which was in the hands of the appellee as a bona fide holder for value, and was acquired by him in due course of business, without notice of any defects in its issuance. It is averred in appellant's affidavit:

"That said note was obtained by a representative of said Corn Belt Farmers' Co-operative Association from said deponent on to wit: September 28, 1920,

That said representative claimed to said deponent that said incorporation was fully organized under the Illinois Security Act to transact business, sell stock, etc., in the State of Illinois.

"That said note was given in part payment of shares of stock in said Corn Belt Farmers' Co-operative Association and which were purchased by the deponent under the false and fraudulent representations of the agent of said company, and also the President, F. E. Weaver. That at the time the agent of said company, whose name was O. L. Leser, and the president of said company, to wit: F. E. Weaver, made the representations to your deponent that said incorporation was fully organized and were qualified to transact business under the Illinois Security Act. They also made the statement that said company was solvent and in a very profitable financial condition and in such a profitable condition that the profits of said incorporation would pay the full consideration of said note and that said deponent would not have to pay any money at all out on said note. Said O. L. Leser, agent and said president, F. E. Weaver, also represented to the deponent that a co-operative store would be immediately started in LeRoy, Illinois, and which would be a profit sharing institution in which deponent was to share in the profits. That said store never was purchased and no effort was made to purchase any such store. That all of the said representations were false and fraudulent and that said statements were made with a full knowledge of said agent and said president that said statements as so made to the deponent were false and fraudulent, and were made with intent to defraud the deponent and to fraudulently induce him to purchase said stock.

"That said officers of said alleged Corn Belt Farmers' Co-operative Association had not complied with the requirements of the Illinois Security Law and had at that time and long prior thereto been notified by the Secretary of the State of Illinois that the law was not complied with. That notwithstanding said notice, said O. L. Leser, agent, of said alleged incorporation and said F. E. Weaver, president, of said al-

leged incorporation did by their false and fraudulent representations secure from your deponent the note aforesaid upon which judgment was confessed and that after securing same, the said note was transferred to the Bloomington Wholesale Company of which the plaintiff, Roy McGregor, is trustee. That upon the transfer and sale of said note by said alleged incorporation by F. E. Weaver, president, endorsed said note with the name of said alleged incorporation by F. E. Weaver, president. That said sale of said note and said endorsement upon said note was made after notice to said incorporation, and said officers that said alleged incorporation had not complied with the Illinois Security Law, and in direct violation of section 37 of the Illinois Security Law.''

And the additional affidavit made by appellant also contains the following allegations:

''That F. E. Weaver, who purported to act as president of the Corn Belt Farmers' Co-operative Association was never elected president by the board of directors of said corporation, and has no legal right to act as president of the said corporation; that the said F. E. Weaver was not elected president of said corporation by any meeting of stockholders of said corporation.

''Affiant further states that the note in question in this suit was not given for the purchase of the capital stock of the said Corn Belt Farmers' Co-operative Association which had been subscribed by the subscribers prior to the issuance of the certificate of the Secretary of State of the State of Illinois, but that said note was given in purchase of shares of stock which had been issued subsequently to the incorporation of said Corn Belt Farmers' Co-operative Association, and in violation of the Illinois Securities Law; that this affiant did not know said fact at the time he agreed to purchase said stock.

''Affiant further states that said Corn Belt Farmers' Association never did elect any directors, and particularly did not elect C. H. Payne and Sullivan directors of the said Corn Belt Farmers' Co-operative Association, and that at the time of the agreement to purchase

said stock in question by this affiant there were no duly authorized directors of the said Corn Belt Farmers' Co-operative Association.

"Affiant further states that F. E. Weaver who executed the endorsement of the promissory note in question in this case was never legally authorized by said corporation or its directors to execute the endorsement on the back of the promissory note in question, and to deliver the said promissory note to the plaintiff."

The main ground urged for reversal of the judgment is that the note was given in payment for stock of the Corn Belt Farmers' Co-operative Association, which was purchased by the appellant, and which he claims was sold to him by means of certain false and fraudulent representations made by the agent and president of the association; and also that the sale of the stock was in violation of the requirements of the Illinois Securities Law of 1919; and that under section 37 of the Act [Cahill's Ill. St. ch. 32, ¶ 290] the note in question was void. The section referred to provides that: "Every sale and contract of sale, made in violation of any of the provisions of this Act shall be void * * *, and the seller of the securities so sold * * *, and each and every solicitor, agent or broker of or for such seller, who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable * * * upon tender to the seller or in court of the securities sold, to the purchaser for the amount paid * * *, together with his reasonable attorney's fees, in any action brought to recover such amount." It will be noticed that the sale and contract of sale only are expressly made void by the act, and the act in connection therewith provides how the injured party can recover back the amount paid together with attorney's fees. It is held in *Pope v. Hanke*, 155 Ill. 617, that: "Some of the expressions in the textbooks are to the effect that, where a statute expressly declares the contract or transaction which

forms the consideration of the note or bill to be void, the note or bill is illegal and void even in the hands of a bona fide holder for value; but the weight of authority sustains the position that, while such note or bill is void as between the parties to it, it is not void as against the holder for value without notice unless the statute also declares the note or bill itself to be void. Mr. Daniel in his work on Negotiable Instruments (sec. 808) thus succinctly states the doctrine: 'In all cases where the statute does not declare the instrument void, bona fide ownership for value being proved, the holder is entitled to recover.' The same view was expressed by this court in *Town of Eagle v. Kohn*, 84 Ill. 292.'' The cases referred to appear to be clearly decisive of the point raised by appellant.

It is also contended that the averments in the additional affidavit show that the Corn Belt Farmers' Co-operative Association is not a fully organized corporation, and therefore no officer thereof could have authority to assign and transfer the title to a note, payable to a corporation, and for that reason the appellee could acquire no title to the note by the assignment, and would have no right to recover. The additional affidavit does aver that F. E. Weaver, who purported to act as president of the association, was never elected president by the board of directors, and had no legal right to act as president of said corporation; and that he was not elected president of the corporation by any meeting of any stockholders of the corporation; and that the association never elected any directors, and particularly did not elect C. H. Payne and Sullivan directors, and that at the time of the agreement to purchase the stock in question by the appellee, there were no duly authorized directors of the association. These averments in the additional affidavit, however, are merely assertions or the conclusions of the affiant. The affiant does not state the facts, from which the conclusions are drawn, nor does he state

McGregor v. Lamont, 225 Ill. App. 451.

what proof he can adduce to show that these conclusions are justified. It was distinctly held in *Moyses v. Schendorf*, 238 Ill. 232, that general allegations of this kind, unsupported by any other proof, were insufficient to justify the court in opening up a judgment with leave to plead. Moreover, the appellant in the original affidavit clearly recognizes F. E. Weaver to be president of the alleged ''incorporation.''

We are of opinion, therefore, that the affidavits were insufficient as a legal basis to warrant the court to vacate the judgment, or open it, to allow the appellant to plead. Judgment is affirmed.

*Affirmed.*