(No. 14320.—Decree affirmed.)

JACK KOPEYKA, Appellee, *vs.* MATHILDA WOODSTROM *et al.* Appellants.

*Opinion filed October 21, 1922—Rehearing denied Dec. 7, 1922.*

1. SPECIFIC PERFORMANCE—*vendee's right to specific performance is not defeated by delay caused by vendor.* Failure on the part of a vendee to perform within the time required by a contract for a conveyance will not forfeit his rights thereunder where he has sought to perform within such time and has failed through the vendor's fault or where the delay was at the vendor's request.

2. SAME—*what is sufficient compliance by vendee where vendor has repudiated contract.* Failure to give written notice of the acceptance of the title, as required by the contract, or to make an actual tender of the cash as in case of a debt, will not defeat the rights of a vendee seeking to enforce the specific performance of a contract for a conveyance, where the vendor had repudiated the contract and declared his intention not to perform, as in such case it is only necessary that the vendee prove that he was ready and willing to perform on his part.

3. SAME—*when tender of cash is sufficient compliance with provision for mortgage.* Where a contract for a conveyance provides for the execution of a second mortgage for a portion of the purchase price, which may be paid at any time prior to its maturity, a payment or tender of the cash is a sufficient compliance with that provision of the contract by the vendee or his assignee.

4. SAME—*when assignee of vendee may sue for specific performance.* Where a vendee in a contract for a conveyance makes

an outright assignment of her contract, reserving no rights therein of any character, the assignee may sue for specific performance in his own name without making the vendee a party, and the fact that the vendee may have assigned her contract at a substantial increase over the contract price is not a matter to be adjudicated in the case or to influence it in any way.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

SAMUEL H. GILBERT, for appellants.

BENJAMIN E. COHEN, (H. J. ROSENBERG, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a bill for specific performance of a contract to convey real estate, brought by the assignee of the vendee therein. The superior court of Cook county entered a decree awarding specific performance. The vendors have appealed.

The facts as found by the master in chancery, whose finding was sustained by the chancellor, are, that Mathilda Woodstrom and John Woodstrom, her husband, owned the real estate in question, subject to a mortgage of $4500. On January 22, 1920, she and her husband signed an agreement to convey the property to Agnes R. Ward or her assignee for the sum of $14,000. The contract recited that $500 had been paid as earnest money; that within five days after the title had been accepted the vendee was to pay the sum of $3500 cash, assume the $4500 mortgage and execute a second mortgage for $5500, payable on or before the date of maturity of the first mortgage, which was September 2, 1921. The contract provided that in case of objection to the title on submission of the abstract the vendors should have sixty days within which to clear up the same and the vendee a period of ten days thereafter in which to elect to take the property if the title was not cleared. Time

was made the essence of the contract. The contract provided that notice should be construed to mean notice in writing served on the other party or his authorized agent. Agnes R. Ward paid the sum of $500 as provided by the contract, and on February 24, 1920, she sold and assigned the contract to the appellee. A short time after entering into the contract the appellants went to Florida, where they remained until April 27. The abstract was delivered to appellee's counsel in the early part of April. It showed what purported to be a receipt for the payment of $500 upon the purchase price of the property, dated December 19, 1919, and purported to be signed John Woodstrom, by A. D. Cronstedt. After receiving the assignment of the contract the appellee made arrangements with the Foreman Bros. Banking Company for a loan of $8000 on the premises and executed and delivered to the company a trust deed on the property. No money was supplied on this arrangement, however, though the trust deed was recorded. Appellee's evidence showed that the purpose of making the arrangement for the $8000 loan was to make the cash payment of $3500 and the deferred payment of $5500 due on or before September 2, 1921, under the contract, it being his purpose to pay the $5500 in cash instead of executing a second mortgage, as required by the contract. On March 2, 1920, the appellants were notified of the purported receipt to which appellee objected as a cloud on the title to the property, and on March 27 they replied requesting that the whole matter be held up until their return to Chicago. It appears that after their return, on April 27, numerous conferences were had with reference to the contract and objections to the title. The last of these conferences occurred on May 27. It appears that appellee sought to require appellants to give a bond correcting the title, which they refused to do and which requirement was later waived by the vendee. At the meeting on May 27 appellee waived all objections to the title and a computation was made of the

various allowances under the contract, but when it came time to exchange papers and make the deal the appellants refused to accept the entire purchase price but insisted on a second mortgage of $5500, as provided in the contract. Appellee demurred to this on the ground that he had made arrangements for a loan of $8000 with which to make these payments. He·offered, however, to obtain a release from the Foreman Bros. Banking Company of the arrangement for the $8000 mortgage. The appellee's evidence is that at this conference appellant John Woodstrom finally announced that appellants had abandoned the entire contract. The superior court decreed specific performance.

Appellants contend here that the appellee has no right to specific performance for the reason that he has not done all that the contract required of him and has not clothed himself with the right to demand a deed without anything further being done on his part. That complete performance or offer and ability to perform is necessary is conceded by counsel for appellee and established by a long line of decisions in this State. Appellants contend that appellee did not bring himself within the requirements of the contract as to the time in which the same was to be executed; that no written notice was served on appellants of the election of appellee to take the title as it existed; that appellee did not tender the purchase price, and did not and could not comply with the requirement of the contract to give a second mortgage for $5500 as part of the purchase price. The objection as to the time in which the contract was offered to be performed is not tenable. The evidence showed that the delay in the execution of the contract was due to the fact that appellants left the city of Chicago in February and did not return until the latter part of April; that after that time numerous conferences were had until May 27, when appellants finally repudiated the contract. Failure on the part of the vendee to perform within the time required in the contract will not forfeit his rights thereunder where

he has sought to perform within such time and has failed through the fault of the vendor or where the delay was at the request of the vendor. (*Emerson* v. *Fleming,* 246 Ill. 353.) Nor are appellants in a position to insist that notice of election should have been in writing, for the reason that they repudiated the contract after the offer on the part of appellee, in the conference on May 27, to take the property without obligation on the part of appellants to cure defects in the title. Repudiation of the contract at that time by appellants waived the necessity of such written notice by appellee prior to his bringing his bill. (*Moyses* v. *Schendorf,* 238 Ill. 232; *Cumberledge* v. *Brooks,* 235 id. 249.) The same is true of the tender of cash to be paid. The record shows that at the conference on May 27 appellee had certified checks to his order aggregating $4000; that there was necessary to be paid under the contract at that time, in addition to the mortgage for $5500, the sum of $3320.47. It is not necessary in cases of this character that the same kind of tender be made as in cases of payment of a debt, where the money is offered to the creditor unconditionally and the transaction is completed and ended. The tender required in cases of this character is an offer with the ability to do the act required on the part of one party provided the other will concurrently do what he is required to do. (*Manistee Lumber Co.* v. *Union Nat. Bank of Chicago,* 143 Ill. 490; *Clark* v. *Weis,* 87 id. 438.) The law does not require the doing of a useless thing or indulge in needless formalities. If before the time of performance the vendor has declared his intention not to perform, it is only necessary that the vendee prove that he was ready and willing to perform on his part. *Osgood* v. *Skinner,* 211 Ill. 229.

On the hearing it was objected that the contract required that Agnes R. Ward sign the second mortgage for $5500. She was not made a party to the proceeding, and subsequent to the report of the master the chancellor ordered a

re-reference of the cause to determine whether or not the appellee was able to secure the signature of Agnes R. Ward to the second mortgage and the release of the Foreman Bros. Banking Company's trust deed. The evidence on re-reference showed that appellee was able to perform in both of these particulars. Agnes R. Ward appeared and testified that she would sign the mortgage in question, and the evidence before the master showed that the Foreman Bros. Banking Company trust deed had been released.

We are not impressed with the necessity of requiring that appellee execute a second mortgage for $5500 instead of paying cash in that amount, as he offered. By the contract this mortgage was to be paid on or before September 2, 1921. It could be paid at any time prior to that date. This means that appellee could pay off that mortgage as soon as it was executed, and therefore, in effect, pay to the vendors the cash offered by him. A payment of $5500 in cash, therefore, is an efficient and substantial compliance with the terms of the contract to give a mortgage payable on or before a certain date.

Appellants argue that because of the $8000 mortgage to the Foreman Bros. Banking Company which appellee placed on the premises, he was not at the time of the filing of the bill in a position to comply with the terms of the contract with relation to giving the $5500 second mortgage. As we have seen, arrangements were made for this $8000 mortgage for the purpose of paying the $5500 and such other sums as might be due upon the contract of sale at the time the deed was made. No money was passed under the mortgage, and we are not impressed with the contention that because the appellee made arrangements to secure the money with which to pay $5500 in cash,—which arrangements were, however, set aside, as shown by the supplemental report of the master,—the appellee must therefore be held to have been unable to comply with his obligations under the contract.

The appellants contend that the banking company and Agnes R. Ward, vendee under the contract, were necessary parties. We do not so consider them. The banking company had no rights in the premises which were subject to any adjudication under this contract and therefore is not a necessary party. By the contract appellants were to convey to Agnes R. Ward or her assignee. She made an assignment outright of the contract, reserving no rights therein of any character, and the fact that she may have assigned her contract at a substantial increase over the contract price for the property is not a matter to be adjudicated in this cause or to in any way influence it. The rule is, that where a valid assignment is absolute and no interest is retained by the assignor, an assignee may institute the suit in his own name in equity. (*Gleason & Bailey Manf. Co.* v. *Hoffman,* 168 Ill. 25, and cases cited.) Appellee's bill was not bad for want of proper parties.

It is also contended that the payment of $500 to W. K. Young & Bro. when the contract was signed made them necessary parties to the lawsuit. Young & Bro. are real estate brokers. The $500 was paid to them under the contract and was to be turned over to appellants on execution of the deed. The contract itself recognized this as a payment of $500 on the purchase price. Young & Bro. were in nowise interested in the contract and were not necessary parties.

There appears to be no good reason in equity why specific performance in this case should not be required. Appellee has been constantly ready, able and willing to perform, and the objections raised to performance on the part of appellants have not been of the character that would justify a court of equity to deny the relief sought by appellee.

The decree of the superior court will be affirmed.

*Decree affirmed.*